*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SPECTRUM HEALTH HOSPITALS,

        Plaintiff-Appellee,

v

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,

        Defendant-Appellant,

and

FARM BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN,

        Defendant.

UNPUBLISHED
January 28, 2021

No. 351018
Kent Circuit Court
LC No. 17-008012-NF

Before: SHAPIRO, P.J., and SAWYER and BECKERING, JJ.

PER CURIAM.

In this dispute involving personal protection insurance (PIP) benefits under the no-fault insurance act, MCL 500.3101 *et seq*.,[1] defendant Farm Bureau General Insurance Company paid a portion of the charges billed by plaintiff Spectrum Health Hospitals, but Farm Bureau refused to pay the full amount. Spectrum filed suit, under an assignment from the injured party, seeking payment of the remaining balance. The trial court granted summary disposition to Spectrum under MCR 2.116(C)(10) and entered judgment in Spectrum's favor in the amount of $97,735.16, which included Spectrum's unpaid charges as well as an award of interest and attorney fees under the no-fault act. Farm Bureau now appeals as of right. The primary question in this case concerns what

---

[1] Effective June 11, 2019, the Legislature substantially amended the no-fault insurance act. See 2019 PA 21. However, the current case began in September 2017, before the enactment of these amendments, meaning that this case is controlled by the former version of the no-fault act. See *George v Allstate Ins Co*, 329 Mich App 448, 451 n 3; 942 NW2d 628 (2019).

evidence may be used to assess the reasonableness of Spectrum's charges. For the reasons explained in this opinion, we vacate the judgment in Spectrum's favor and remand for further proceedings regarding the admissibility of the third-party-payment evidence that Farm Bureau seeks to introduce.

## I. BASIC FACTS AND PROCEDURAL HISTORY

In September 2016, Spectrum provided medical care to Mary Gleason, who was injured in a motor vehicle accident. Farm Bureau was the insurer responsible for providing PIP benefits to Gleason, and Spectrum's bills, totaling $273,056.32, were submitted to Farm Bureau. However, Farm Bureau paid only $208,773.29, leaving an outstanding balance of $64,333.03. Spectrum filed suit to collect the rest. Farm Bureau's basic theory of defense was that Spectrum's gross charges were unreasonable and that the amount Farm Bureau paid represented a reasonable amount for the medical services provided.

In the trial court, Farm Bureau filed a motion in limine, seeking a ruling that publicly available data regarding payments by third parties (such as health insurers, Medicaid, Medicare, and worker's compensation) and expert opinions relying on this data was relevant and admissible for purposes of assessing the reasonableness of a healthcare provider's charges. The trial court denied the request to admit evidence involving third-party payments, concluding that consideration of such evidence had been foreclosed by previous decisions of this Court, including *Mercy Mt Clemens Corp v Auto Club Ins Ass'n*, 219 Mich App 46; 555 NW2d 871 (1996). Absent the evidence in question, Farm Bureau conceded that no questions of fact remained. Thereafter, the trial court granted summary disposition to Spectrum, and over Farm Bureau's objections, awarded Spectrum attorney fees and interest under the no-fault act.

## II. ANALYSIS

On appeal, Farm Bureau contends that the trial court erred by excluding publicly available data regarding payments by third parties. According to Farm Bureau, the amounts actually being paid on the open market are highly relevant to an assessment of reasonableness and nothing in the no-fault act or this Court's caselaw precludes the admission of this relevant evidence. In contrast, Spectrum maintains that this Court's caselaw forecloses consideration of such data, that third-party payments are not relevant to the reasonableness of a provider's charges because "payments" and "charges" are different terms, and that the evidence in question cannot be relevant or admissible because it is not subject to discovery under the no-fault act.

The issues raised by the parties were recently addressed and decided by this Court in *Spectrum Health Hosps v Farm Bureau Mut Ins Co of Mich*, ___ Mich App ___; ___ NW2d ___ (2020) (Docket Nos. 347553 and 348440), lv pending, which held that payments by third parties may be relevant to an assessment of the reasonableness of a healthcare provider's charges under the no-fault act.[2] Given this conclusion, this Court also determined that "the trial court's blanket

---

[2] As a published opinion of this Court issued after November 1, 1990, *Spectrum* constitutes binding precedent. See MCR 7.215(C)(1) and (J)(1). And, although an application for leave to appeal to

exclusion of this evidence constituted an error of law amounting to an abuse of discretion." *Id*. However, rather than hold the specific evidence at issue was admissible, this Court remanded to "the trial court to make the determination in the first instance under the proper legal framework;" that is, the trial court was instructed to consider the relevance of the particular data in question to the specific charges at issue and to consider any other issues bearing on the admissibility of the evidence. *Id*. at ___; slip op at 29 & n 16.

This case is indistinguishable from *Spectrum* and we therefore conclude that the trial court abused its discretion by reaching the erroneous legal conclusion that evidence of third-party payments was categorically inadmissible. As detailed in *Spectrum*, such evidence may be relevant and admissible when assessing reasonableness under MCL 500.3107(1)(a) and MCL 500.3157. Given this error of law, we vacate the judgment in Spectrum's favor, and as in *Spectrum*, we remand the case to the trial court for a determination of the relevance of the specific data in question to the specific charges in this case under the proper legal framework as well as consideration of any other issues bearing on the admissibility of the evidence. See *Spectrum*, ___ Mich App at ___; slip op at 29.

On appeal, aside from its evidentiary arguments, Farm Bureau also challenges the trial court's award of attorney fees and interest to Spectrum under the no-fault act, asserting (1) that the rights to attorney fees and interest under the no-fault act are not assignable and (2) that attorney fees were unwarranted in this case in light of legitimate questions of fact and law. Given our decision to vacate the judgment and remand the case for further proceedings, the award of attorney fees and interest is also vacated because such an award would be premature before a determination of Farm Bureau's liability on remand. See *id*. at ___; slip op at 30 & n 17. We offer no opinion on the merits of Farm Bureau's arguments regarding attorney fees and costs in this case.

Vacated and remanded for further proceedings. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ David H. Sawyer
/s/ Jane M. Beckering

---

the Michigan Supreme Court has been filed in *Spectrum*, this does not lessen the opinion's precedential effect. See MCR 7.215(C)(2).